UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| GREG AUSTIN AND JILL HENDERSON | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:20-758 |
| | ) | |
| v. | ) | |
| | ) | |
| TRANSFORM HOLDCO LLC d/b/a Sears | ) | Removed from St. Joseph Superior Court |
| | ) | Cause No. 71D07-2007-PL-000238 |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant, Transform Holdco LLC d/b/a Sears ("Defendant"), by counsel, hereby removes this action from the St. Joseph County Superior Court in the State of Indiana to the United States District Court, Northern District of Indiana, South Bend Division, pursuant to 28 U.S.C. §§ 1331, 1332,1441, and 1446. In support of this Notice, Defendant states:

1. Plaintiffs, Greg Austin and Jill Henderson ("Plaintiffs"), initiated this action on or about July 25, 2020, by filing a Complaint in the Superior Court of St. Joseph County, Indiana, against Defendant (Cause No. 71D07-2007-PL-000238) (hereafter "State Court Action").

2. Plaintiffs served Defendant with a copy of the Summons and Complaint by United States Certified Mail on August 10, 2020. True and correct copies of the Summons and Complaint filed in the State Court Action are attached as **Exhibit A**. All other documents filed in the State Court Action as well as a copy of the Chronological Case Summary, are attached as **Exhibit B**.

3. Defendant has timely filed this Notice of Removal within 30 days of receiving the initial pleadings and within one year of the commencement of this action pursuant to 28 U.S.C. § 1446(b)-(c).

4.     The Northern District of Indiana, South Bend Division, is the appropriate venue for removal for matters arising out of the Superior Court of St. Joseph County, Indiana. *See* 28 U.S.C. §§ 94(a)(2) and 1441.

## FEDERAL QUESTION JURISDICTION

5.     This action is removed to this Court pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States – specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.

6.     ERISA applies to any "employee benefit plan" established or maintained by an employer engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. §1003(a)(1). An "employee benefit plan" includes employee welfare benefit plans, which include severance benefit plans. *UIU Severance Pay Tr. Fund v. Local Union No. 18-U, United Steelworkers of Am.*, 998 F.2d 509, 510 (7th Cir. 1993) (citing 29 U.S.C. §§ 186(c) & 1002(1)).

7.     In the Complaint, Plaintiffs seek to recover a monetary benefit allegedly owed to them under Defendant's Severance Plan, which is an "employee benefit plan". (*See* Complaint at ¶¶ 2-9, 13-14, 16-17.) A copy of Defendant's Severance Plan and Summary Plan Description is attached as **Exhibit C**.

8.     Any claim in the Complaint seeking to recover severance pay benefits from Defendant under the Severance Plan is governed exclusively by ERISA. (Complaint at ¶¶ 4-9, 13-14, & 16-17.) The Severance Plan was established and is maintained by Defendant for the purpose of providing severance benefits, among other benefits, to eligible employees. The plan administrator is responsible for certain administrative functions relating to the pension plan, such as determining eligibility for benefits. (See **Exhibit C**, at Art. 5.) In determining severance benefits to be paid under the terms of the Severance Plan, the plan administrator must exercise discretion

2

and evaluate the claimant's situation in light of the particular criteria. (*Id*. at Art. 5, Art. 7, Schedule of Severance Pay.) The Severance Plan is governed by ERISA. (*Id*. at Art. 1.) For these reasons, among others, an ongoing administrative program is required to meet Defendant's obligations under the Severance Plan, which is an "employee benefit plan" as defined by, and subject to, ERISA.

9. Because ERISA's preemptive scope is so vast, any state law cause of action seeking to recover a benefit under the Severance Plan is completely preempted and "re-characterized" as a federal law claim arising under ERISA. *See* 29 U.S.C. § 1132(a)(1)(B) & 29 U.S.C. § 1144(a); *Di Joseph v. Standard Ins. Co.*, 776 F. App'x 343, 347 (7th Cir. 2019) ("Even claims that purport to be based on state law and do not mention ERISA may be removed to federal court based on this preemption"); *see also Aetna Health Inc. v. Davila,* 542 U.S. 200, 208-09 (2004) ("the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987));  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

10. ERISA preempts "any and all State Laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).  A state law relates to a benefit plan, "in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985) (alterations omitted).  Such claims are completely preempted by ERISA, and thus removable, if they are asserted in lieu of federal remedies available to participants of ERISA plans pursuant to 29 U.S.C. § 1132(a). *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).

11. Based on the above, Defendants' removal of the Complaint to this Court is proper pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

12. Upon filing of this Notice, Defendant has paid the required filing fee of $400.00.

13. By removing this action, Defendant does not waive any defenses available to it, nor does it admit any of the allegations in Plaintiffs' Complaint.

14. There are no other parties to this litigation, thus consent of other parties is not required.

15. After filing this Notice of Removal, Defendant will promptly serve written notice on Plaintiffs' counsel and file the same with the Clerk of the St. Joseph County Superior Court, in accordance with 28 U.S.C. § 1446(d). A copy of that notification, which will be sent to the Circuit Court, is attached hereto **Exhibit D**.

WHEREFORE, consistent with this Notice, Defendant removes the above-described action now pending in the Superior Court of St. Joseph County, Indiana, to the United States District Court, Northern District of Indiana, South Bend Division. Defendant preserves all other bases for removal of this action to this Court.

Dated: September 9, 2020

Respectfully submitted,


s/ Dorothy D. McDermott
Dorothy D. McDermott
Indiana Atty No. 24266-49
Jackson Lewis P.C.
211 North Pennsylvania Street, Suite 1700
Indianapolis, Indiana 46204
Tel:     (317) 489-6930
Fax:     (317) 489-6931
E-mail:  dorothy.mcdermott@jacksonlewis.com

*Attorney for Defendant*


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 9, 2020, I filed the foregoing *Notice of Removal* electronically with the Clerk of the Court.  Notice of this filing will be served by U.S. First Class Mail to the following:

Richard J. LaSalvia
105 E. Jefferson Blvd., Suite 220
South Bend, Indiana 46601


/s/ Dorothy D. McDermott
Dorothy D. McDermott


4838-0815-9690, v. 1