| | | |
|---|---|---|
| STATE OF INDIANA | ) | ST. JOSEPH CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| ST. JOSEPH COUNTY | ) | **71D07-2007-PL-000238** |
| | ) | |
| GREG AUSTIN | ) | |
| 521 E. Woodside Street | ) | |
| South Bend, IN 466614 | ) | |
| and | ) | |
| | ) | |
| JILL HENDERSON | ) | |
| 14216 Dragoon Trail | ) | |
| Mishawaka, IN 46544 | ) | |
| Plaintiffs. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TRANSFORM HOLDCO, | ) | |
| LLC   d/b/a Sears | ) | |
| 3333 Beverly Road | ) | |
| Hoffman Estates, IL 60179- | ) | |
| -001 | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Comes now Plaintiffs, by counsel and in support of their Complaint state:

### COUNT I

1. The Defendant, Transform Holdco, LLC (hereinafter "Sears") is a foreign limited liability corporation which owned and operated the Sears store which was located at University Park Mall in Mishawaka, Indiana.

2. Plaintiff, Jill Hnderson, was employed by Sears as a sales consultant from October 2009 until June 6, 2018 and then as a softline supervisor from November 7, 2018 until November 10, 2019.

3. Plaintiff, Greg Austin, was employed by Sears as a sales consultant from May 2010 to August 2018 and then as a hardline supervisor from April 2019 until November 10, 2019.

4. Both Plaintiffs, as employees of Sears, were promised severance pay in spite of their gap in employment by Michelle Corella, Sears' District Manager at the time it was announced that Sears at University Mall would be closing toward the end of 2019.

5. Both Plaintiffs were advised that their employment was needed until the store closed and both employees did not pursue other employment based on the promise of severance payment by Sears.

6. On the day that the store closed on November 10, 2019 the store manager, Allen Nemeth, advised Greg Austin that he would receive no severance and advised Jill Henderson that she would receive only one week of severance pay.

7. Both Plaintiffs did not pursue other employment based on the promise by Sears that they would receive severance at the time the Sears' store closed.

8. Greg Austin is owed $6,580.00 or 8 weeks of severance and Jill Henderson is owed $5600 00 for 8 weeks of severance.

9. Sears created a binding contract with Plaintiffs to pay the maximum 8 weeks of severance.

10. I.C.22-2-9-2, The Indiana Wage Claims Statute, provides that whenever an employer separates an employee from the pay roll, unpaid wages or compensation shall be due and payable at the regular pay for the pay period and the employee is entitled to recover liquidated damages and attorney fees.

11. I.C. 22-2-5-2, provides that when an employer fails to make payment of wages, the employer shall be liable to the employees for liquidated damages, which are double the amount of wages due plus reasonable attorney fees.

WHEREFORE, Plaintiffs pray that this Court enter judgment against Defendant for double the amount of wages due, reasonable attorney fees, cost of this action and all other just and proper relief.

## COUNT II

12. Plaintiffs re-allege and incorporate Paragraphs 1-11 of this Complaint.

13. Sears entered into an implied in fact contract with the Plaintiffs to pay them severance and equity, justice and fair dealing require that Sears pay Plaintiffs the severance as promised.

14. Sears breached the contract with Plaintiffs and Plaintiffs have suffered economic and compensatory damages including loss of wages due to the Plaintiffs not seeking other employment based on their reliance on Sears' promise that they would be paid severance at the time the Sears' store closed.

WHEREFORE, Plaintiffs pray that this Court enter judgment against Defendant for their compensatory and economic damages, double the amount of severance wages due, reasonable attorney fees, cost of this action and all other just and proper relief.

## COUNT III

15. Plaintiff re-alleges and incorporates Paragraphs 1-14 of this Complaint.

16. The promises of Sears to pay severance to the Plaintiffs constitutes promissory estoppel and is binding since:

a. Sears made the promise to pay Plaintiffs a severance.

b. The promise was made by Sears with the expectation that the promise be relied on by Plaintiffs.

c. Sears' promise was made to induce the Plaintiffs to stay and work at Sears until the Sears Mishawaka store closed and Plaintiffs did not seek other employment due to the promise of Sears.

d. Sears' promise caused Plaintiffs to stay employed at Sears with the reasonable expectation of being paid severance.

e. Justice requires the Court to enforce the payment of the severance to Plaintiffs by Sears.

17. Plaintiffs have suffered economic and compensatory damages including loss of wages due to the Plaintiffs not seeking other employment based on their reliance on Sears' promise that they would be paid severance at the time the Sears' store closed.

WHEREFORE, Plaintiffs pray that this Court enter judgment against Defendant for their compensatory and economic damages, double the amount of severance wages due, reasonable attorney fees, cost of this action and all other just and proper relief.

Respectfully submitted,

//ss/ Richard LaSalvia
Richard J. LaSalvia  (9814-71)
105 E. Jefferson Blvd., Suite 220
South Bend, Indiana 46601
(574)232-1900 Telephone
(574)232-1901 Facsimile
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

//ss/ Richard LaSalvia
Richard J. LaSalvia  (9814-71)